


# United States District Court
## For the Western District of Virginia
### Harrisonburg Division

| | |
|---|---|
| **THOMAS L. SWITZER,** *Plaintiff,* v. **JUDITH G. WEAVER, *et als.*** *Defendants* | Civil No. 5:12cv00057 **REPORT AND RECOMMENDATION** By: James G. Welsh U. S. Magistrate Judge |

This matter is before the undersigned pursuant to an order of referral (Dkt. No. 4) entered June 13, 2012. The plaintiff's *pro se* complaint (Dkt. No. 3) seeks "injunctive and monetary relief," jointly and severally, against Judith Weaver (an education specialist and licensed professional counselor) and Felicia Housden (a Batterer Intervention Program facilitator) pursuant to 42 U.S.C. § 1983. In response the defendants have moved for dismissal pursuant to Rule 12(b)(6) or alternatively for summary judgment in their favor pursuant to Rule 56. (Dkt. Nos. 9 and 20). After notice and regular scheduling, the views of the parties were heard on October 11, 2012. [1] During the course of which the plaintiff moved for the voluntary dismissal of Felicia Housden (also appearing *pro se*) pursuant to Rule 41(a); this motion was **GRANTED**, and she was dismissed without prejudice. At the conclusion of oral argument, the undersigned granted leave for the parties to submit additional information for the courts consideration.

[1] Although the parties are not yet at issue, the plaintiff has nevertheless filed four separate motions seeking entry of a scheduling order (Dkt. No. 13), a "more definite statement" (Dkt. No. 14), certification of a class (Dkt. No. 15), and "to strike" the state court records from the defendant's motion (Dkt. No. 16). These motions are being herein considered by the undersigned *sua sponte*. At oral argument the plaintiff was admonished to file no additional motions of any kind until the issues raised by the defendant in her motion were fully resolved by the court.

Pursuant to leave granted, the defendant filed a supplemental letter memorandum (Dkt. No. 30) with two attachments, an affidavit by the defendant (Dkt. No. 30-1) and a copy of the J&DR court order requiring the plaintiff to enroll and complete a 25-week batterer intervention program (Dkt. N. 30-2). The plaintiff filed no response. After this matter was again regularly scheduled for further argument, the undersigned again heard the views o the parties on November 5, 2012.

For the reasons that follow, it is **RECOMMENDED** that the defendant's motion for summary judgment be **GRANTED,** that each of the plaintiff's several pending motions be **DISMISSED** as moot, and that this case be **DISMISSED WITH PREJUDICE** from the court's active docket.

## I. INTRODUCTION

In his complaint the plaintiff, Thomas L. Switzer, alleges that as a consequence of his having been found to have committed an assault and battery on a family member, he was placed on probation by the Page County (Virginia) Juvenile and Domestic Relations District Court ("J&DR court") and *inter alia* ordered to complete a 25-week Batterer Intervention Program pursuant to Va. Code Ann § 18.2-57.3 (1950, as amended) at a cost to him of $25.00 for each intake or evaluation session. (Dkt. No. 3; *see also* Dkt. Nos. 9-1, 9-2, 9-3 and 9-4). It is his contention that the remaining defendant, Judith Weaver, although a "private person," "act[ed]" either "with a colorable claim under state law or . . . in concert with state officials" and thereby engaged in cognizable "unconstitutional acts of gender and economic discrimination" for which she may be held civilly liable under 42 U.S.C. § 1983. (Dkt. 3, pp 3-6).

In her response the remaining defendant, Judith Weaver, contends that at all times herein relevant she was a private person engaged in the private practice of her profession, did not act as a joint participant with any state actor, did not act under color of state law, and is not susceptible to suit for any of the claims brought by the plaintiff under 42 U.S.C. § 1983.

## II. STANDARDS OF REVIEW

Given the plaintiff's status as a *pro se* litigant, his complaint is entitled to be construed liberally; however, the court neither is his advocate nor is it under any obligation to conjure-up claims on his behalf. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (the court is required to examine carefully a *pro se* complaint to determine whether it alleges any "constitutional deprivations."); *see Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of *pro se* complaints are not, however, without limits.").

A court, therefore, may grant a defendant's motion to dismiss filed pursuant to Rule 12(b)(6), if the plaintiff's complaint does not contain factual allegations sufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). In making this threshold determination, the court must consider all well-pleaded factual allegations to be true, and the court must construe them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Although it must accept all such well-pleaded factual allegations to be true, the court is not required to accept as true the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. at 679 (while legal conclusions can provide a complaint's framework, they must

be supported by factual allegations). *Francis v. Giacomelli*, 588 F.3[d] 186, 193 (4th Cir. 2009) (pleadings that are no more than conclusions are not entitled to any assumption of truth).

Under Rule 12(d), if "matters outside the pleadings are presented to . . . the court," then "the motion must be treated as one for summary judgment under Rule 56." *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3[d] 700, 705 (4th Cir. 2007). And under Rule 56(a), summary judgment is proper only where "the movant shows that there is no genuine dispute as to any material fact [2] and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Thus, in resolving such a motion the court must consider the facts and all reasonable inferences in the light most favorable to the non-moving party, and such non-moving party must demonstrate that there are genuine disputes of material fact so as to preclude the entry of judgment as a matter of law. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (where "there have not yet been factual findings by a judge or jury," . . . "courts are required to view the facts and draw reasonable inferences in the light most party opposing the [summary judgment] motion.") (internal quotation marks omitted); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of his pleading, but . . . by affidavits or as otherwise . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.").

[2] In consideration of such a motion, a fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. RELEVANT FACTS

In this matter, the plaintiff sues Judith Weaver, E.S., L.C.S., claiming that she violated rights "secured" to him "under the Constitution by virtue of her denying him "equal protection" and "due process" and by her imposition of "excessive, cruel and unusual punishment." (Dkt. No. 3). In pertinent part, he states that "upon his conviction in state [J&DR] court of assault[ing] and battering a family member" he was "sentenced . . . to attend the [d]efendant's [Batterer Intervention Program] for first time domestic violence offenders," that he is the victim of "unconstitutional" economic and gender [3] discrimination, and that he is being subjected to excessive and cruel punishment as the result of the program's "pretense" of gender neutrality, its "affront to free speech," its condemnation of men "for being men," and Ms. Weaver's failure (or refusal) to offer a "sliding scale payment program" pursuant to Virginia Code Ann. § 18.2-57.3 (1950, as amended).

Given her apparent status as a private individual not acting "under color of state law," the plaintiff contends that there existed some kind of "joint participation" [4] by the defendant with the state upon which he is entitled to base a right of recovery under 42 U.S.C. § 1983. (Dkt. No. 3, p 3).

[3] As "example[s]" of this purported gender bias on the part of the defendant, the plaintiff's complaint includes as an attachment copies of two program hand-out. One is titled "Effects of Abuse on the Victim" (Dkt. No. 3-1, pp. 1-2), and the other one is titled "Why Women Stay" (Dkt. No. 3-1, pp. 3-4).

[4] To support this contention, the plaintiff cites the court to *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970) (a § 1983 cause of action stated against a private individual who allegedly conspired with police officers to deprive the plaintiffs of their right under the Equal Protection Clause of the 14th Amendment not to be discriminated against on the basis of race); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 1981) (a § 1983 cause of action stated against a private-party who acted in joint participation with the state to deprive the plaintiff of his property through the execution of a state writ of attachment); and *Dennis v. Sparks*, 449 U.S. 24 (1986) (a § 1983 claim stated for allegedly causing the deprivation of property without due process of law on the basis of an alleged conspiracy involving a corporation, its sole owner and a state court judge to secure an illegal injunction). (Dkt. No. 3, p 3).

In response, the defendant has alternatively moved for dismissal of the complaint pursuant to Rule 12(b)(6) or for summary judgment pursuant to Rule 56. As she states in her Affidavit (Dkt. No. 30-1), she is a licensed professional counselor. She is engaged in the private practice of her profession, and as a part of her practice she operates a batterer intervention program to which first offenders may be assigned by the state J&DR court. She has no contract with the Commonwealth of Virginia or any community-based probation services agency, and her program obligation to the state J&DR court is limited to reporting on participant compliance with the referral order.

Moreover, as she further argues, each of the plaintiff's allegations of due process denial, equal protection denial, free speech abridgment, economic discrimination, and gender discrimination should be dismissed as baseless, irrational and frivolous. (Dkt. 10, pp. 2-6).

Since copies of potentially relevant J&DR court records (Dkt. Nos 9-1 through 9-4) are attached to the defendant's motion, the court is required "[to look] beyond the four corners of the complaint" and treat her motion as one for summary judgment. Rule 12(e). These undisputed exhibits [5] document the plaintiff's arrest on March 26, 2011 upon a charge of assault and battery against Hannah Brust, his step-daughter and a family or household member. [6] On April 25, 2011, he was tried upon a plea of not guilty; the evidence was "found to be sufficient to find guilt;" adjudication of guilt was deferred; the defendant was placed on probation; he was ordered to complete a 25-week Batterer Intervention Program run by Ms. Weaver; among other participation and/or probation obligations he was ordered to pay $25.00 for each intake or

5 The plaintiff's response (Dkt. No. 26) neither disputes nor lodges any objection to these exhibits.

6 Section 18.2-57.2 Va. Code Ann. (1950, as amended) is a Class 1 misdemeanor.

Case 5:12-cv-00057-MFU-JGW Document 34 Filed 11/05/12 Page 6 of 15 Pageid#: 246

evaluation session, and he was advised that the lack of money was "not an acceptable excuse for not attending." Additionally, this record contains Ms. Weaver's August 22, 2011 written report to the J&DR in which she reported the plaintiff's failure to make any of the court-ordered payments, his failure to meet the program's attendance requirements, and his assertion of various civil rights type claims "against [her] personally."

## IV. DISCUSSION

### A.

"Section 1983 is a vehicle by which state actors may be held accountable for deprivations of established constitutional rights." *Wiggins v. 11 Kew Garden Court*, 2012 U.S. App. LEXIS 18345, *2 (4th Cir. Aug. 28, 2012). Although it "provides a remedy for violations of an individual's constitutional rights, it only does so only when such violations occur as a result of state action" by a person exercising power "possessed by virtue of state law and made possible only because [such person] is clothed with the authority of state law." *Id.* (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941). Thus, §1983's under-color-of-state-law element "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

Otherwise stated, a person such as the defendant charged with violating the plaintiff's constitutional rights "must either be a *state actor* or have a sufficiently close relationship with state actors such that a court would conclude that she, -- an otherwise *non-state actor*, engaged in the state's actions," *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). "'Mere approval of or

acquiescence in the initiatives of a private party' is insufficient." *Id.* at 507 (quoting *Blum v. Yaretsky*, 457 U.S. at 1004).

Therefore, the plaintiff's allegations against Ms. Weaver must be dismissed if she is, as she claims, a private person not acting under color of state law. *See e.g., Hall v. Quillen*, 631 F.2[d] 1154, 1155-56, n. 2-3 (4th Cir. 1980) (concluding that court-appointed counsel do not act under the color of state law for § 1983 purposes); *Motley v. Virginia Hardware & Mfg. Co.*, 287 F. Supp. 790 WDVa. 1968) (claim of illegal detention without lawful process caused by the private person filing the criminal complaint failed to state § 1983 claim); *Williams v. Cooper*, 2012 U.S. Dist. LEXIS 140900, *9 (WDNC. Sep. 28, 2012) (defense attorney dismissed on the ground that an attorney, whether privately retained, court-appointed or a public defender, does not act under color of state law when performing the traditional functions of counsel); *Orr v. Resi Whole Loan IV, LLC*, 2012 U.S. Dist. LEXIS 122958, *10 (DSC. Aug. 3, 2012) (mere initiation of a state court civil action by private individuals or entities does not constitute "state action" within the meaning of § 1983); *Smith v. Ozmint*, 2009 U.S. Dist. LEXIS 19741, *10 (DSC. Mar. 12, 2009) (a prisoner's claim that a private purveyor was providing contaminated tooth paste for inmate use was dismissed, because the purveyor was a private individual and not a state actor).

"While 'cases deciding when private action might be deemed that of the [s]tate have not been a model of consistency, . . . the critical inquiry . . . in each case is whether the conduct is fairly attributable to the [s]tate.'" *Pasco v. Zimmerman*, 2012 U.S. Dist. LEXIS 116047, *15

(WDVa. Aug. 17, 2012) (quoting *Brentwood Acad. v. Tenn. Secondary School Athletic Ass'n*, 531 U.S. 288, 313 (2001))..

In its effort to provide some consistency and guidance in this area, the Fourth Circuit has outlined "[a] handful of contexts" in which a private individual may be said to be a state actor for § 1983 purposes. The first, the factual situation is where, "in light of all the circumstances," the governmental entity "did more than adopt a passive position toward the underlying private conduct," and in that situation a "private party should be deemed an agent or instrumentality" of the governmental entity. Second, where a governmental obligation is delegated by the entity to a private actor, the private actor's acts conducted in pursuit of the delegated obligations are under color of law. Third, where a private actor may become subject to § 1983 through the "government's conferral upon that party what is, at core, sovereign power; in other words, a private actor is responsible as a state actor if he or she performed function is "traditionally the exclusive prerogative of the State." And fourth, where the "private use of . . . challenged state procedures [is] with the help of state officials," that too will also "constitutes state action." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 342 (4th Cir. 2000).

Taking the entirety of the plaintiff's allegations against the defendant to be true, none satisfies any of these categories. No allegation is made that the Ms. Weaver was "purporting to act under [some] authority vested in [her] by the state." *Hughes v. Halifax County School Bd.*, 855 F.2d 183, 186 (4th Cir. 1988). No factual basis is asserted to suggest that the state J&DR court "did more than adopt a passive position" toward Ms. Weaver's private treatment of individuals referred to her program by the court. *See Skinner v. Railway Labor Executives'*

*Assoc.*, 489 U.S. 602, 614-15(1989). No factual basis is asserted in complaint upon which to suggest reasonably that Ms. Weaver "should be deemed an agent or instrumentality" of the state or the J&DR court. *Goldstein* 218 F.3d at 342; *see Debauche v. Trani*, 191 F.3d 499, 506-07 (4th Cir. 1999). Likewise, she is not alleged to have been performing a private action either "because of a state-enforced custom" or a function that is "traditionally the exclusive prerogative of the state." *See Adickes v. S. H. Kress & Co.*, 398 U.S. at 171; *United Auto Workers v. Gaston Festivals, Inc.*, 43 F.3d 902, 906 (4th Cir. 1995).

Even if it is assumed *arguendo* that Ms. Weaver had some affirmative duty under Virginia law (as the plaintiff alleges) to offer treatment at a cost commensurate with an individual's ability to pay, the allegation is insufficient to transform her into a state actor. *See Field Auto City, Inc. v. GMC*, 476 F. Supp. 2d 545, 555 (EDVa. 2007) (misuse by private litigants of a state statute or rule does not constitute state action for purposes of § 1983). Contrary to the plaintiff's bald conclusory assertion, there is equally no factual basis to suggest that the plaintiff ever acted as a probation officer or otherwise exercised state authority. *See Revene v..Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (in the §1983 context a complaint must contain "specific factual allegations, when coupled with the assertion that [the defendant] was acting under color of state law," so as to put the defendant adequately "on notice of the nature of the claim and the grounds upon which it rests) (citing *Linder v. Litton Systems, Inc.* 81 F.R.D. 14, 16-17 (DMd. 1978) (internal quotation marks omitted).

In short, the plaintiff's allegation that Ms. Weaver was acting under color of state law is totally without merit. Moreover, the record demonstrates without decisionally significant

contradiction that at no time herein relevant did she act other than a private citizen engaged in the private practice of her profession.

**B.**

Even if the *pro se* complaint filed by the plaintiff could be liberally construed to "imply" an allegation of some otherwise cognizable violation of a constitutionally protected right by the defendant, dismissal is nevertheless dictated by the plaintiff's failure to establish all of the necessary elements of a cognizable § 1983 claim.

His claims that his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment rights under the due process clause fail as a matter of law, because the complaint does not set forth facts sufficient to suggest that the defendant had the requisite mental state. At a minimum the relevant action about which the plaintiff complains must rise to the level of "an unnecessary and wanton infliction of pain" or that it is otherwise "repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Therefore, these claims by the plaintiff fail due to the absence of '"some allegation of a conscious or callous indifference to a [plaintiff's] rights.'" *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982), cert. denied, 464 U.S. 932(1983) (quoting *Wright v. El Paso County Jail*, 642 F.2d 134, 136 (5th Cir. 1981); *see Jensen v. Conrad,* 570 F. Supp. 114, 123 (DSC. 1983) (pleaded facts must create at least a plausible basis from which the requisite deliberate indifference may be inferred).

Similarly, the plaintiff's equal protection claim deficient and totally without merit. To state a claim of unequal treatment under the Equal Protection Clause of the Fourteenth

Amendment the plaintiff must set forth non-conclusory allegations of discrimination supported by reference to particular acts, practices, or policies demonstrating that he has been treated differently from others with whom he is similarly situated and that such unequal treatment was the result of intentional or purposeful discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *Williams v. Hansen*, 326 F.3d 569, 576 (4th Cir. 2003); In making this determination, it must be noted that the complaint contains no factual evidence of cognizable unequal treatment, and the court is under no obligation to look behind any determination about which the plaintiff complains in order to ascertain whether his claim of unequal treatment was the result of intentional or purposeful discrimination. *See Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (WDVa. 1974).

Here, the plaintiff's claim of unequal treatment fails to meet either element of this standard. First and foremost, the complaint is no more than a litany of declarations unsupported by any factual justification. These conclusory assertions include *inter alia* that he is "poor and unable to pay," that the per-session fee imposed by the state J&DR court to attend the defendant's treatment program "is stacked against men living in poverty," that the defendant engages in "discriminatory business practices," that the defendant has not met her "legal obligations," that the program is "an affront to free speech" and "stifle[s]" alternative viewpoints, that his claims "stem from unconstitutional acts of gender and economic discrimination," and that the defendant has failed "to offer a sliding scale payment program for participants who cannot afford to pay the full fee" pursuant to Va. Code Ann. § 18.2-57.3 (1950, as amended). Thus the plaintiff's equal protection claim is fatally defective on the basis of its

failure to set forth essential non-conclusory allegations of discrimination supported by reference to particular acts, practices, or policies demonstrating that he has been treated differently from others with whom he is similarly situated. Likewise, it fails as a matter of law to meet the second pleading requirement due to the absence of any factual allegation of different treatment as the result of some "intentional and purposeful discrimination."

**C.**

To the extent the plaintiff is claiming he was injured, damaged or is seeking redress as a result of some erroneous proceedings or rulings made by the Page County J&DR Court, any such claim is barred by the Rooker-Feldman doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462(1983). Such proceedings or rulings cannot be reviewed or set aside by this court. It lacks subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts, and it similarly lacks jurisdiction to consider issues that are "inextricably intertwined with questions ruled on by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).

## V. PROPOSED FINDINGS OF FACT

As supplemented by the above summary and analysis and on the basis of a careful and thorough examination of the full administrative record, the undersigned submits the following formal findings, conclusions and recommendations:

1. Defendant, Judith Weaver, is a private individual; at no time herein relevant did she act as joint participant with any state actor, and no time herein relevant did she act "under color of state law;"

2. At no time herein relevant did the defendant jointly participate in any alleged violation of the plaintiff's constitutional rights with any government official or other state actor;

3. The plaintiff has stated no plausible § 1983 claim against the defendant;

4. Matters outside the pleadings have been presented to the court by the parties which require the defendant's motion must to be treated as one for summary judgment under Rule 56;

5. The undersigned has considered all facts presented by the parties and all reasonable inferences in the light most favorable to the plaintiff;

6. The defendant has shown that there is no genuine dispute as to any material fact and that she is entitled to judgment in her favor as a matter of law;

7. The plaintiff has failed to demonstrate that there are genuine disputes of material fact so as to preclude the entry of summary judgment as a matter of law;

8. Each of the plaintiff's pending motions is facially without merit, and they were filed without any reference to or effort to comply with the Federal Rules of Civil Procedure;

9. The defendant is entitled to summary judgment as a matter of law; and

10. The grant of summary judgment in favor of the defendant renders the plaintiff's motions moot.

## VI. INSTRUCTIONS TO CLERK

The clerk is directed to transmit the record in this case immediately to the presiding United States district judge and to transmit a copy of this Report and Recommendation to the plaintiff and to all counsel of record.

## VII. NOTICE TO THE PARTIES

Both sides are reminded that pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties. Failure to file specific

objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objections.

**DATED:** This 5th day of November 2012.

s/ *James G. Welsh*
United States Magistrate Judge

