```
CLERK'S OFFICE U.S. DIST. COURT
   AT HARRISONBURG, VA
         FILED
      JAN 30 2013
JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS L. SWITZER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 5:12cv57 |
| ) | |
| v. ) | |
| ) | |
| JUDITH G. WEAVER, ) | By: Hon. Michael F. Urbanski |
| ) | United States District Judge |
| Defendant. ) | |

## ORDER

This matter is before the court on **Defendant Judith Weaver's Motion to Dismiss, or in the alternative Motion for Summary Judgment (Dkt. No. 9)**, and several **Pro Se Motions** filed by Plaintiff Thomas Switzer **(Dkt. Nos. 13, 14, 15, 16, 26, 38 & 39)**. The motions were referred to the Honorable James G. Welsh, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition of the motions. On November 5, 2012, the Magistrate Judge construed defendant's motion as a motion for summary judgment and issued a Report and Recommendation recommending that defendant's motion be granted (Dkt. No. 9). On November 14, 2012, plaintiff filed his objections to the Report and Recommendation (Dkt. No. 36), and defendant responded on November 21, 2012 (Dkt. No. 37). On November 27, 2012, plaintiff filed a Motion for a Hearing to Discuss Rule 72 Transcripts (Dkt. No. 38). The court has reviewed the pleadings, report and recommendation and objections, and declines to have a hearing on plaintiff's objections as it would not aid in the court's decisional process.

In this case, plaintiff alleges that defendant Judith Weaver, a licensed professional counselor in private practice in the Commonwealth of Virginia, violated his rights under the

Eighth Amendment and the Due Process and Equal Protection clauses of the Fourteenth Amendment by charging him a $25 fee instead of implementing a "sliding scale" payment program for participation in a Batterers Intervention Program ("BIP") she offers as part of her practice. Additionally, plaintiff argues that the program is gender-biased and violates the Equal Protection clause because the program only addresses men as abusers of women and does not address women as abusers of men. Plaintiff alleges that the state court's requirement that he participate in the program constitutes "cruel and unusual punishment" due to its gender bias, is an "affront to free speech," condemns men "for being men," and constitutes economic discrimination because it fails to provide a sliding scale payment program pursuant to Va. Code Ann. § 18.2-57.3. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

On March 26, 2011, plaintiff was arrested and charged with assault and battery of his step-daughter. Subsequently, the Juvenile and Domestic Relations District Court (J&DR Court) for Page County found evidence "sufficient to find guilt," but deferred adjudication, placed defendant on probation pursuant to Va. Code § 18.2-57.3,[1] and ordered him to complete a 25 week BIP. Pursuant to this state court order, plaintiff agreed to contact Judith Weaver, a licensed professional counselor in private practice, and enroll in a BIP. The Order also required that plaintiff "pay $25.00 for each group and the intake /evaluation session" and explicitly noted that "[n]ot having the money is not an acceptable excuse for not attending." Plaintiff agreed and signed the Order. Plaintiff now maintains that he cannot pay the $25.00 fee.

Per her affidavit, defendant indicates that she operates a BIP to which the state J&DR court may assign first time offenders. She has no contract with the Commonwealth of Virginia

---

[1] Va. Code §18.2-57.3 allows for probation for first time offenders charged with assault and battery of a family member. Attending a BIP was a condition of plaintiff's probation.

2

or any community-based probation services agency, and her program obligation to the state J&DR court is limited to reporting on participant compliance pursuant to the referral order.

Having reviewed the pleadings, Report and Recommendation, and objections thereto, the court now finds that it is appropriate to adopt the Report and Recommendation in its entirety. The central issue in this case is that plaintiff objects to the way Ms. Weaver privately administers her BIP, which he was ordered to participate in by the state J&DR court as a condition of his probation. As outlined in the Report and Recommendation, Ms. Weaver is not a state actor and, therefore, is not subject to liability under § 1983. In his complaint and at the hearing before the magistrate judge, plaintiff contended that Ms. Weaver's actions were taken in concert with the state J&DR court exposing her to liability under the "joint participation doctrine" as set forth in United States v. Price, 383 U.S. 787 (1966).[2] However, simply because the state court assigns first time offenders to Ms. Weaver's program does not transform her actions to actions taken "under color of state law" for purposes of § 1983 and pursuant the joint participation doctrine. In his objections, plaintiff reiterates his reliance on the joint participation doctrine and argues, citing Monroe v. Pape, 365 U.S. 167 (1961), that Ms. Weaver should be subject to liability under § 1983 because the purpose of § 1983 is to provide a federal remedy when a state law remedy is inadequate, which is the case here. While plaintiff accurately recites the purpose of § 1983, he fails to appreciate the statutory requirement applying such a federal remedy only to state actors acting under the color of state law or, under the joint participation doctrine, to state actors and private individuals acting in concert to deprive plaintiff of his rights. In his objections, plaintiff offers no new argument or evidence suggesting that Ms. Weaver's actions meet this statutory

---

[2] The joint participation doctrine as laid out by Price, Adickes v. S.H.Kress & Co., 398 U.S. 144 (1970), and Dennis v. Sparks, 449 U.S. 24 (1980), stands for the proposition that when a private individual and a state actor work in conjunction to affect the deprivation of constitutional rights, both the claims against the state actor and the claims against the private individual are deemed to have been taken "under color of law" for purposes of § 1983.

requirement, and he instead relies only on conclusory allegations that she was "empowered" by state court to provide services as part of plaintiff's criminal sentence. It is clear from the record that Ms. Weaver was merely a private individual providing private treatment to individuals referred to her program by the state J&DR court and did not act with, conspire with or was compelled to deprive plaintiff of his constitutional rights by any state actors.

Next, the Report and Recommendation noted that even assuming <u>arguendo</u> that Ms. Weaver was acting under the color of state law pursuant to § 1983, plaintiff's Eighth Amendment and Equal Protection claims are completely without merit and lack any indication that he suffered some "intentional and purposeful discrimination." Plaintiff objects to this finding as well, but with no more clarity than what is found in his indecipherable complaint. Plaintiff's objection merely states that the judge "ignored the constutional [sic] questions in this case" and "[i]t is obviuos [sic] that poor participates [sic] in Ms. Weaver's program are much more likely to get a bad report and face incarceration due to her negligence." Again, plaintiff's objection is not well taken. He fails to specifically address the findings of the Report and Recommendation, provides no substantive factual allegations that Ms. Weaver intentionally or purposefully violated his constitutional rights, and provides no additional legal authority to suggest that her actions amounted to the same.

Finally, the Report and Recommendation noted that since the plaintiff was essentially seeking redress from a state court order directing him to a BIP, his claim is barred by the Rooker-Feldman doctrine. Plaintiff objects to this finding, but again without much substance. Plaintiff asserts that full relief can be granted to him if Ms. Weaver implements the sliding scale requirement and pays the $25 fee herself. The state court order indicates that plaintiff is to pay the $25 fee and ability to pay is not an excuse for nonattendance. This case clearly concerns

4

plaintiff's grievances with the J&DR court order, and court lacks jurisdiction to sit in appellate review of judicial determinations made in state courts and issues that "inextricably intertwined with question ruled on by a state court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997).

Accordingly, it is **ORDERED** and **ADJUDGED** that defendant's **Motion for Summary Judgment (Dkt. No. 9)** be **GRANTED** and plaintiff's **Motion for a Hearing to discuss Rule 72 Transcripts (Dkt. No. 38)** be **DENIED**; that plaintiff's **Pro Se motions (Dkt. Nos. 13, 14, 15, 16, and 39)** and **Motion to Certify Class (Dkt. No. 26)** are **DENIED as moot**; and that plaintiff's complaint is **DISMISSED WITH PREJUDICE** and this matter is **STRICKEN** from the active docket of this court. Given that plaintiff is currently proceeding in forma pauperis ("IFP"), the court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and, therefore, IFP status is denied for the purpose of an appeal. Furthermore, the court **ORDERS** plaintiff to submit a copy of this order with any IFP application that he may file in this district in the future.

The Clerk is directed to send a copy of this Order to all counsel of record including plaintiff, proceeding pro se.

Entered: January 30, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge